UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JAMES BLAYLOCK #895020,

                Plaintiff,

    v.

MICHAEL BURGESS, et al.,

                Defendants.
                                   /

Case No. 1:25-cv-00757

Hon.  Hala Y. Jarbou
Chief U.S. District Judge

**REPORT AND RECOMMENDATION**

**I. Introduction**

This Report and Recommendation (R. & R.) addresses Defendant Boerema's motion for summary judgment due to Plaintiff's failure to exhaust administrative remedies.  ECF No. 15.

State prisoner James Blaylock filed a complaint under 42 U.S.C. § 1983 alleging that Defendants violated his First Amendment rights during misconduct proceedings.  ECF No. 1.  The remaining claims are against Oaks Correctional Facility employees, Captain (Capt.) Boerema and Lieutenant (Lt.) Baker.

 Lt. Baker held a misconduct hearing on November 12, 2023, and found Plaintiff guilty of three misconduct tickets.  Plaintiff appealed that decision asserting that he was found guilty by Lt. Baker "as a result of retaliation."  *Id*., PageID.15.  Lt. Baker is not moving for dismissal of this action based upon lack of exhaustion of administrative remedies.  ECF No. 16, PageID.84.  However, Capt. Boerema moves

for summary judgment by asserting that Plaintiff failed to exhaust his administrative remedies against him.

Capt. Boerema held a hearing on November 15, 2023, and found Plaintiff guilty of two misconduct tickets.  Plaintiff appealed by asserting that "the guilty findings was done in retaliation."  *Id.*, PageID.24, 27.  Capt. Boerema argues that Plaintiff failed to properly exhaust his administrative remedies against him because he did not assert on appeal "that Capt. Boerema threatened to increase Blaylock's sanctions if he did not plead guilty."  ECF No. 16, PageID.85.

In the Court's screening opinion, the Court summarized Plaintiff's claim against Capt. Boerema:

> Similarly, Plaintiff goes on to allege that on the days he appeared before Defendant Boerema for misconduct hearings, *Plaintiff told Boerema that his due process rights had been violated and that "civil action [would] be taken."* (*Id.*) According to Plaintiff, Defendant Boerema called Plaintiff a nuisance and said that he would not be dismissing the tickets. (*Id.*) Plaintiff suggests that Defendant Boerema falsified the hearing report by stating that the camera footage showed the sergeant sliding the tickets under Plaintiff's cell door even after Plaintiff told Defendant Boerema that the tickets had been hung on the wall next to Plaintiff's cell door. (*Id.*) Plaintiff also suggests that *Defendant Boerema retaliated against Plaintiff by finding him guilty and giving him a total of 40 days' loss of privileges.* (*Id.*)

ECF No. 5, PageID.41.  (emphasis added).

For the reasons discussed below, it is respectfully recommended that the Court deny Defendant Boerema's motion for summary judgment.

## II.  Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to

2

judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury[1] or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.  Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove.  *Jones v. Bock*, 549 U.S. 199, 212-16 (2007).  "[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof

---

[1]     The Seventh Amendment does not always require courts to submit factual disputes about exhaustion to a jury.  *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015).  However, when the exhaustion issue is intertwined with the merits of a claim, the Seventh Amendment requires a jury trial on the exhaustion issue.  *Richards v. Perttu*, 605 U.S. 460, 479, 145 S.Ct. 1793, 1807 (2025).

"must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). To properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where

4

prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524.  In the Court's view, this objective was achieved in three ways.  First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 525.  Second, "the internal review might 'filter out some frivolous claims.'" *Id.* (quoting *Booth*, 532 U.S. at 737*).*  And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id*.  When institutions are provided adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 1:07-cv-004, 2007 WL 3244075, *5 (W.D. Mich., Nov. 1, 2007).

Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective September 25, 2023) sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates must first attempt to informally resolve a grievable issue within two business days of becoming aware of the issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ W. If informal resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days

of the attempted informal resolution.  *Id.* at ¶¶ W, CC.  The inmate submits the grievance to a designated Grievance Coordinator, who assigns it to a respondent.  *Id.* at ¶ CC.  The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely.  Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included."  *Id.* at ¶ Y (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due.  MDOC Policy Directive 03.02.130 at ¶¶ JJ.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for medical care grievances.  *Id.* at ¶ LL.

If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶¶ NN.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.*  The Grievance Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ OO.

When the grievance procedures are not available because the issue presented is non-grievable, exhausting those procedures is not required.  It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding

non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at \*3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well-known proverb states, they cannot have their cake and eat it too.").  However, when other administrative remedies are available, the prisoner is required to exhaust those remedies prior to filing a federal lawsuit.

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit.  *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010).  The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id.* at 325.   We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected

> to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).

## IV. Analysis

Under MDOC policy, a prisoner is required to grieve his retaliatory misconduct claims in a properly filed grievance. PD 03.02.130 ¶(P) 9, 11 ("If the prisoner wishes to pursue a claim that retaliation is the basis for a . . . misconduct [ticket], they must file a grievance on the sole issue of retaliation and it shall not be rejected"). However, challenges to the decision made by the hearing officer are not grievable. *Id.* Instead, a plaintiff "shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." *Ayotte v. Stemen*, No. 15-13826, 2019 WL 2219739, at *5 (E.D. Mich. Feb. 27, 2019), *report and recommendation adopted,* No. 15-13826, 2019 WL 1349607 (E.D. Mich. Mar. 26, 2019) (citing *Bergey v. Tribley*, No. 2:15-CV-43, 2015 WL 7731426, at *3 (W.D. Mich. Oct. 20, 2015), *report and recommendation adopted*, No. 2:15-CV-43, 2015 WL 7738093 (W.D. Mich. Nov. 30, 2015).)

Here, Blaylock appealed the November 15, 2023, misconduct hearing decision made by Capt. Boerema. Plaintiff appealed by asserting that "the guilty findings was done in retaliation." ECF No. 1, PageID.24, 27 (MDOC Class II and Class III Misconduct Appeal). Capt. Boerema argues that Plaintiff needed to "raise the issue of retaliatory sanctions in his appeal of the tickets" to exhaust his retaliation claim. ECF No. 16, PageID.90; ECF No. 21, PageID.135. As previously set forth, the Court summarized Plaintiff's protected conduct as: *"Plaintiff told Boerema that his due*

*process rights had been violated and that "civil action [would] be taken."* ECF No. 5, PageID.41. (emphasis added). The Court summarized the claim as: *"Defendant Boerema retaliated against Plaintiff by finding him guilty and giving him a total of 40 days' loss of privileges." Id.* (emphasis added). Defendant's argument is too narrowly focused on just the sanctions that Capt. Boerema imposed and ignores the allegation that the decisions were retaliatory. In the opinion of the undersigned, Plaintiff broadly raised the issue that Defendant Boerema's misconduct hearing decisions were retaliatory in his appeals. That was enough to create a genuine issue of material fact.

## V.  Recommendation

Accordingly, the undersigned respectfully recommends that this Court deny Defendant Boerema's motion for summary judgment.

Dated:   April 24, 2026                              /s/ *Maarten Vermaat*
                                                     MAARTEN VERMAAT
                                                     U. S. MAGISTRATE JUDGE

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).